UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 07-250 |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| PARIS WINSTON STEWART, | ) | |
| Defendant. | ) | |

Offense charged:   Conspiracy to Distribute Crack Cocaine; Distribution of Crack Cocaine

Date of Detention Hearing:   May 29, 2007

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.   Defendant has been charged with two drug offenses, the minimum penalty of which offense is in excess of ten years. There is therefore a rebuttable presumption against defendant

01 as to both dangerousness and flight risk, under 18 U.S.C. §3142(e). The charges carry a potential

02 ten year mandatory minimum and, if a felony drug enhancement is filed, a potential twenty year

03 mandatory minimum.

04     2.      Defendant is a long time resident of this District. However, neither his employment

05 nor his residence address cannot be verified. The defendant is associated with alias names and

06 social security numbers. He has a dated history of failing to appear. The strength of the

07 government's evidence is extremely strong, as the government alleges to have evidence showing

08 the defendant participating in multiple drug transactions from an apartment in which his sister

09 resides in Seattle. The government alleges that the defendant is a persistent and prolific drug

10 dealer and proffers that he also discussed selling weapons. Two family members, his wife and son,

11 are currently incarcerated for drug offenses.

12     3.      Taken as a whole, the record does not effectively rebut the presumption that no

13 condition or combination of conditions will reasonably assure the appearance of the defendant as

14 required and the safety of the community.

15 It is therefore ORDERED:

16     (1)      Defendant shall be detained pending trial and committed to the custody of the

17             Attorney General for confinement in a correction facility separate, to the extent

18             practicable, from persons awaiting or serving sentences or being held in custody

19             pending appeal;

20     (2)      Defendant shall be afforded reasonable opportunity for private consultation with

21             counsel;

22     (3)      On order of a court of the United States or on request of an attorney for the

DETENTION ORDER     15.13
18 U.S.C. § 3142(i)     Rev. 1/91
PAGE 2

Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 29th day of May, 2007.

_____
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91